**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 99-7708**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCO ANTONIO RODRIGUEZ-DIAZ,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of
South Carolina, at Florence. Cameron McGowan Currie, District
Judge. (CR-95-660)

───────────────

Submitted: April 27, 2000                    Decided: May 2, 2000

───────────────

Before NIEMEYER and MOTZ, Circuit Judges, and BUTZNER, Senior Cir-
cuit Judge.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

Marco Antonio Rodriguez-Diaz, Appellant Pro Se. Alfred William
Walker Bethea, Assistant United States Attorney, Florence, South
Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Marco Antonio Rodriguez-Diaz seeks to appeal an order of the district court denying his motion under Fed. R. Crim. P. 35. The district court's order was entered November 19, 1999.

Under Fed. R. App. P. 4(b), Rodriguez-Diaz had ten days from entry of that order on the criminal docket to note his appeal. His notice of appeal was dated December 2, 1999,[*] thirteen days after entry of the order. The appeal periods of Fed. R. App. P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Because Rodriguez-Diaz failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Although the notice of appeal was not filed in the district court until December 10, 1999, for the purposes of this appeal we assume that the date Rodriguez-Diaz wrote on the notice of appeal is the earliest date it would have been submitted to prison authorities. See Houston v. Lack, 487 U.S. 266 (1988).